UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS RIVERA,

                Plaintiff,

vs.

JORGE MADAN, JARVIS JENKINS, SHERRY CHEELEY, JAMES COYNE, DENNIS KILCOYNE, ANDRE MCKOY, MARGARET ROBERSON, AND WINSTON PEART.

                Defendants.

10 Civ. 04136 (PGG)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff Jesus Rivera, situated, by and through his undersigned attorneys, makes the following representations for judicial relief:

## NATURE OF THE ACTION

1. This is a case of excessive force and illegal search on behalf of Plaintiff Jesus Rivera, who was a parolee assigned to Parole Office Bronx IV ("Bronx IV"), located at 82 Lincoln Place, Bronx, New York. Plaintiff brings this lawsuit against Parole Officer ("PO") Jorge Madan (the parole officer to whom Mr. Rivera was assigned at Bronx IV), Supervising Parole Officer ("SPO") Sherry Cheeley (Madan's direct supervisor), Jarvis Jenkins (Bronx IV Parole Area Supervisor ("PAS")), Parole Revocation Specialist ("PRS") James Coyne, PO Dennis Kilcoyne, PO Andre McKoy, PO Margaret Roberson, and SPO Winston Peart.

2. At issue is whether parole officers may conduct an excessively intrusive search of a parolee without a reasonable basis for doing so or assault a parolee who is trying to speak

with a mental health professional.  Based on the alleged word of a confidential informant, Bureau Chief Jenkins, SPO Parole Officer Madan, Parole Officer McKoy and Parole Officer Peart subjected Mr. Rivera to a forcible and illegal cavity search of his person, which involved pinning him to the ground, removing his pants and spreading his buttocks and anus open for view to a full room of parole officers.  After this incident (henceforth the "illegal cavity search"), Mr. Rivera, traumatized by this search, which caused to resurface abuse he suffered as a child, asked to be brought to Bellevue Hospital for a mental health examination and medication.  After attempting to speak with a psychiatrist, Mr. Rivera was pushed into a wall and slammed into the floor by PO Madan, PO Roberson and PO Kilcoyne.

3. Defendants' actions violated Plaintiff Rivera's Fourth Amendment rights under the United States Constitution, as applied to the states under the Fourteenth Amendment.

## JURISDICTION AND VENUE

4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violations of civil rights under the Fourth Amendment to the United States Constitution.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b). Upon information and belief, Defendants Jorge Madan, Sherry Cheeley, Jarvis Jenkins, James Coyne, Dennis Kilcoyne, Margaret Roberson and Winston Peart reside in this district and the unlawful practices complained of and that give rise to the claims herein

occurred within this district.

## PARTIES

7. Plaintiff Jesus Rivera is currently a parolee and was supervised at the time of the incidents in question by the New York State Division of Parole ("NYDOP"), now known as the New York State Department of Corrections and Community Supervision ("DOCCS"). At all times relevant to this action, Mr. Rivera was subject to the supervision of the defendants in their official capacities.

8. Defendant PO Jorge Madan, upon information and belief, is a Parole Officer with DOCCS at Bronx IV. At the time of these incidents, Mr. Rivera was assigned to the supervision of Defendant Madan at the Bronx IV location. Defendant Madan participated in the illegal cavity search of Mr. Rivera and assaulted Mr. Rivera at Bellevue Hospital. Defendant Madan, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

9. Defendant SPO Sherry Cheeley, upon information and belief, is a Supervising Parole Officer with DOCCS at Bronx IV. At the time of these incidents, Defendant Madan reported directly to Defendant Cheeley, who was present at the Bronx IV location and ordered the illegal cavity search as well as signed the warrant for the revocation of Mr. Rivera's parole. Defendant Cheeley, as an employee of the State of New York, is a state actor. She is sued in her individual capacity.

10. Defendant PAS Jarvis Jenkins, upon information and belief, is a Parole Area Supervisor with DOCCS at Bronx IV. At the time of these incidents, Defendant Jenkins was the

highest-ranking supervisor at the Bronx IV location and ordered the illegal cavity search of Mr. Rivera. Defendant Jenkins, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

11. Defendant PRS James Coyne, upon information and belief, is a Parole Revocation Specialist with DOCCS at Bronx IV. Defendant Coyne assaulted Plaintiff Rivera prior to the illegal cavity search, and witnessed but did not halt the illegal cavity search. Defendant Coyne, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

12. Defendant PO Dennis Kilcoyne, upon information and belief, is a Parole Officer with DOCCS at Bronx IV. Defendant Kilcoyne witnessed but did not halt the illegal cavity search and participated in the assault of Plaintiff Rivera at Bellevue Hospital. Defendant Kilcoyne, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

13. Defendant PO Andre McKoy, upon information and belief, is a Parole Officer with DOCCS, at Bronx IV. Defendant McKoy held down plaintiff Rivera during the illegal cavity search. Defendant McKoy, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

14. Defendant PO Margaret Roberson, upon information and belief, is a Parole Officer with DOCCS, at Bronx IV. Defendant Roberson witnessed but did not halt the illegal cavity search and participated in the assault of Plaintiff Rivera at Bellevue Hospital. Defendant Roberson, as an employee of the State of New York, is a state actor. She is sued in her individual capacity.

15. Defendant SPO Winston Peart, upon information and belief, is a Senior Parole Officer with DOCCS, at Bronx IV. Defendant Peart performed the illegal cavity search. Defendant Peart, as an employee of the State of New York, is a state actor. He is sued in his individual capacity.

16. Defendants Madan, Cheeley, Jenkins, Coyne, Kilcoyne, McKoy, Roberson and Peart, at all times relevant hereto, were acting under the color of state law.

## GENERAL ALLEGATIONS

17. On January 29, 2009 Mr. Rivera failed to report to Defendant Madan, as required by the terms of his parole.

18. On January 30, 2009 Defendant Madan called the apartment of Lisa Gonzales, Mr. Rivera's girlfriend at the time, where Plaintiff Rivera was staying. During the phone conversation, Defendant Madan instructed Mr. Rivera to report to the Bronx IV offices at 82 Lincoln Road within the hour. January 20, 2009 was a Friday and not a normal reporting day for parolees.

19. Mr. Rivera appeared at the offices of Bronx IV within the requested time period and waited until being called into Defendant Madan's office. Defendant Madan requested a urine sample from Mr. Rivera. Mr. Rivera told Defendant Madan that a urine sample would return with positive results for opiates, but complied with the request of Defendant Madan.

20. After testing the urine sample as positive for opiates, Defendant Madan put Mr. Rivera's hands in handcuffs behind his back informing him that his parole was being "violated"

and therefore revoked. Defendant Madan removed everything from Mr. Rivera's pockets and then offered him, as an alternative to being sent to prison, an in-patient drug treatment program. However, Defendant Madan added a condition to this option that was not part of Mr. Rivera's parole terms: that Mr. Rivera cease to have any contact with Ms. Gonzales because she was a "bad influence."

21. While Mr. Rivera would have preferred a drug treatment program to prison, he did not agree to this additional condition to his parole. Mr. Rivera told Defendant Madan that, if necessary, he preferred prison to being prohibited from seeing his girlfriend, who he believed helped in his efforts to stay drug-free. At this point, Defendant Madan placed Mr. Rivera into full restraints—including leg irons and waist restraints—and removed the handcuffs previously placed on him and reattached his hands to the waist restraints. At this point, and at all relevant points hereafter, Mr. Rivera remained in full restraints.

22. After being placed in full restraints, Mr. Rivera was led to another room from Defendant Madan's office, in the presence of Defendant Cheeley. At this point, Mr. Rivera was questioned by Defendant Coyne who shouted obscenities at Mr. Rivera and shoved Mr. Rivera's head backwards.

23. After this incident, all parole officers left the room. Upon information and belief, Defendant Madan informed the other defendants that he received information from a "confidential informant" that Mr. Rivera was secreting drugs and razor blades in his rectum. All of the defendants returned to the room where Mr. Rivera was, with shirt sleeves rolled up and latex gloves on, and forced him to stand up and go into another room.

24. In this room, Defendant Madan asked his supervisors, Defendants Jenkins and Cheeley, how he should proceed. Defendants Jenkins and Cheeley instructed Defendant Madan to perform a cavity search on Mr. Rivera. Defendant Madan asked Mr. Rivera if he would voluntarily "comply or give them a hard time" with that search, and Mr. Rivera did not respond.

25. While Mr. Rivera was still in full restraints, Defendant Madan then grabbed Mr. Rivera's neck and pinned him to the ground with his knee. Defendant McKoy removed Mr. Rivera's pants and underwear and then spread his legs. Defendant Peart spread Mr. Rivera's buttocks, and using his fingers, opened Mr. Rivera's anus to inspect his rectum. Defendant Peart discovered no drugs, razor blades, or anything else in Mr. Rivera's rectum.

26. Upon information and belief, the cavity search performed on Mr. Rivera is prohibited by the New York State Parole Policy and Procedure Manual ("Parole Manual"). The Parole Manual, Procedure subcategory I. Searches, subsection B. Searches of the Releasee's Person states, "An Officer may conduct or direct a search of a releasee's person when there is an articulable reason to do so and when the search is reasonably related to the Officer's duties and or when the Officer reasonably suspects the releasee to be a threat to the safety of the officer, the releasee or others."

27. After finding that there were no drugs or razor blades inside Mr. Rivera's rectum, Defendant Kilcoyne pulled up Mr. Rivera's underwear and pants, as Mr. Rivera was still in full restraints. Mr. Rivera was then moved back to the room where he had been assaulted by Defendant Coyne.

28. Mr. Rivera was distraught by the illegal and forcible search, all the more so because it brought back memories of abuse as a child in the foster care system. Mr. Rivera's mental illnesses were thus provoked and he told the defendants that he heard voices that were telling him to kill himself and that he needed psychiatric help. Mr. Rivera was on psychiatric medication at the time, but he had not brought it with him to the offices at Bronx IV. Mr. Rivera requested that he be brought to Bellevue Hospital for a psychiatric evaluation.

29. Defendant Madan, Defendant Kilcoyne and Defendant Roberson took Mr. Rivera to Bellevue Hospital. Upon information and belief, Mr. Rivera was taken to the hospital many hours after arriving at the office of Bronx IV.

30. At Bellevue Hospital, after hours without food or drink and in light of the traumatizing cavity search, Mr. Rivera became unresponsive and could not communicate with the mental health professional. Upon information and belief, Mr. Rivera was cleared of mental health issues without speaking with the mental health professional or receiving any medication.

31. After being cleared, Defendants Madan, Roberson and Kilcoyne stood Mr. Rivera up, at which point he became responsive and asked to speak with the mental health doctor. When Defendants refused, he began to yell for the doctor, saying that now that he had regained full consciousness, he needed to speak to someone. While Mr. Rivera was calling for the doctor, Defendants Madan, Kilcoyne and Roberson attempted to force him out of the Mental Health Intake Unit. The result of the struggle was that Mr. Rivera, still in full restraints, was pushed into a wall and then slammed into the ground on his head.

Mr. Rivera's head split open, bled, and remained swollen for months afterwards due to the impact.

32. Upon information and belief, the time of the assault at Bellevue was either late on January 30, 2009 or very early in the morning January 31, 2009.

33. Defendant Madan, Kilcoyne and Roberson took Mr. Rivera to the Emergency Room in the nearby annex of Bellevue Hospital. While Mr. Rivera was being treated for his injuries, Defendant Madan spoke with the nurse in charge, after which no further treatment besides gauze was administered.

34. Defendants Madan, Kilcoyne and Roberson took Mr. Rivera from Bellevue Hospital to Rikers Island.

35. Upon information and belief, Mr. Rivera received medical attention on Rikers Island for his injuries.

36. Mr. Rivera has received psychiatric and medical care resulting from this incident, including psychiatric and pain medication.

### FIRST CLAIM FOR RELIEF
### Violation of Fourth Amendment,
### as applied to the states under the Fourteenth Amendment
(Against Defendants Jorge Madan, Jarvis Jenkins, Sherry Cheeley, James Coyne, Andre McKoy, Winston Peart, Margaret Roberson and Dennis Kilcoyne, 42 U.S.C. § 1983)

37. Plaintiff realleges and incorporates by reference all of the preceding paragraphs in this Amended Complaint.

38. Defendants Jorge Madan, Jarvis Jenkins, Sherry Cheeley, James Coyne, Andre McKoy, Winston Peart, Margaret Roberson and Dennis Kilcoyne violated Plaintiff's right to be free of unreasonable searches and seizures, particularly in his person, as guaranteed by the Fourth Amendment of the U.S. Constitution, by performing an illegal cavity search.

39. Defendants did not have an adequate basis for this search, which was not grounded in a reasonable fear for the safety of Mr. Rivera or others, and which was taken without considering any less invasive alternatives.

40. In depriving the Plaintiff of these rights, the Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

## SECOND CLAIM FOR RELIEF
### Violation of Fourth Amendment,
### as applied to the states under the Fourteenth Amendment
(Against Defendants Jorge Madan, Margaret Roberson and Dennis Kilcoyne, 42 U.S.C. § 1983)

41. Plaintiff realleges and incorporates by reference all of the preceding paragraphs in this Amended Complaint.

42. Defendants Jorge Madan, Margaret Roberson and Dennis Kilcoyne subjected Plaintiff to excessive force by slamming him against the wall and floor and preventing him from seeking psychological treatment in violation of his Fourth Amendment right to be free of unreasonable seizure of his person. In depriving the Plaintiff of these rights, the Defendants acted under color of state law. This deprivation under color of state law is actionable under and may be redressed by 42 U.S.C. §1983.

## JURY DEMAND

43.  Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1.  An entry of judgment for Plaintiff against Defendants for compensatory and punitive damages, as determined by a jury;

2.  An award to Plaintiff of reasonable attorneys' fees and costs incurred in connection with this action from the Defendants pursuant to 42 U.S.C. § 1988; and

3.  An order granting such further and different relief as this Court may deem just and proper or that is necessary to make the Plaintiff whole.

Dated: New York, NY
       December 2, 2011                         Respectfully Submitted,

                                         BY:  /s/ Sarah Stoller

                                         SARAH STOLLER
                                         125 Broad Street
                                         New York, New York 10004
                                         (212) 558-4000
                                         stollerse@sullcrom.com

                                         MICHAEL P. REIS
                                         125 Broad Street
                                         New York, New York 10004
                                         (212) 558-4000
                                         reism@sullcrom.com

                                         *Attorneys for Plaintiff Jesus Rivera*